**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brett COHEN, Defendant–Appellant.**

No. 03–20846.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 4, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Mark White, Vinson & Elkins, Houston, TX for Defendant–Appellant.

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM: *

Brett Cohen appeals his 180–month sentence, following his guilty-plea conviction for conspiracy to possess with intent to distribute methylenedioxymethamphetamine (MDMA). Cohen challenges the district court's application of the federal Sentencing Guidelines to the facts of his case. As part of Cohen's plea agreement, however, he knowingly and voluntarily waived his right to appeal his sentence except for an upward departure. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir.1994). We therefore decline to consider Cohen's arguments that challenge the district court's application of the Sentencing Guidelines.

We do consider, however, Cohen's contention that the district court erroneously decided that an upward sentencing departure was warranted under the facts of his case. Cohen also contends that the extent of the departure was unreasonable. Cohen has not shown that the decision to upwardly depart was either unreasonable or an abuse of discretion. *See United States v. Saldana*, 427 F.3d 298, 310 & n. 46 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 810, 163 L.Ed.2d 637 (2005). The decision was grounded in an acceptable basis. *See* 18 U.S.C. § 3553(a)(2). Further, the extent of the departure was acceptable. *See Saldana*, 427 F.3d at 312–13.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.